UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>Defendant. | Case No.: 15cv1401-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 36]** |

Before this Court is the parties' Joint Motion for Determination of Discovery Dispute filed on May 5, 2017. (ECF No. 36). The dispute is over the extent to which Defendant is entitled to discovery regarding Plaintiff's claim for "*Brandt* fees" as damages, and the timing of such discovery. "*Brandt* fees" are attorneys' fees incurred by a plaintiff to obtain the contract benefits under an insurance policy which are recoverable as economic damages resulting from the breach of the good faith covenant. *Brandt v. Super. Ct.*, 37 Cal. 3d 813, 817 (1985). Attorneys' fees expended to recover other types of damages are not recoverable as *Brandt* fees, so the attorneys' fees incurred by a plaintiff in a bad faith action must be allocated between

recoverable fees incurred to obtain contract damages and non-recoverable fees incurred to obtain tort damages. *Id*.

Defendant seeks to compel Plaintiff to produce unredacted copies of time records, billing invoices, and the attorney-client fee agreement. Defendant further seeks to compel Plaintiff to make Rule 26(a) disclosures concerning *Brandt* fee information.

Plaintiff asserts attorney-client privilege and attorney work product objections. Plaintiff explains that its *Brandt* fees are continuing to accrue and claims that revealing these documents in this "active and ongoing litigation" would prejudicially reveal Plaintiff's ongoing litigation strategy to its adversary. Plaintiff offers to produce time records redacted to exclude descriptions of time spent that is not claimed as *Brandt* fee damages.

Defendant contends that Plaintiff waived any privilege applying to these documents by claiming *Brandt* fees in this action. Defendant asserts that "the Port must produce un-redacted billing entries *for any time that the Port wishes to recover as damages*. To the extent that the Port determines that a particular time entry is not recoverable because it was not time spent trying to recover contract damages, only then is redaction appropriate." (ECF No. 36 at 8:23-9:2 (emphasis in original)).

Defendant is correct that "[b]y seeking to recover the fees expended in this litigation, Plaintiffs have waived the privileges that might have covered the information." *Mancini v. Ins. Corp. of N.Y.*, Case No. 07cv1750-L-NLS, 2009 WL 1765295 at *4 (S.D. Cal. June 18, 2009) (citing *Luna v. Sears Life Ins. Co.*, Case No. 06cv2653-DMS-CAB, 2008 WL 2484596 at *1 (S.D. Cal. Jan. 11, 2008)); *see also Foremost Ins. Co. Grand Rapids, Mich. v. Enriquez*, Case No. 13cv1604-H-DHB, 2015 WL 11578510 at *3 (S.D. Cal. March 26, 2015) (requiring production of redacted copies of the attorney-client fee

2

agreement and redacted copies of invoices in addition to the summary of fees and evidence of payments already produced); *Fidelity Nat'l Fin. Mgmt. v. Nat'l Union Fire Ins. Co.*, Case No. 09cv140-AJB-CAB, 2011 U.S. Dist. LEXIS 48697, *3 (S.D. Cal. May 5, 2011) (finding plaintiff waived privilege claim to attorneys' fees information by claiming *Brandt* fees).

Plaintiff's reliance on *Lennare Mare Island, LLC v. Steadfast Ins. Co.*, Case No. 12cv2182-KJM-KJN, 2015 WL 1540631 (E.D. Cal. April 7, 2015) and *Fidelity, supra,* 2011 U.S. Dist. LEXIS 48697, *3, is misplaced.

Plaintiff cites *Lennare* for its holding that

> …at least some of the material [defendant] seeks to compel, in particular, information concerning [plaintiff's] legal bills, may relate to [plaintiff's] litigation strategy, such as descriptions of the legal services for which the Navy may be paying. Because of this fact, the court finds that production of such information is inappropriate at this pre-trial juncture.

*Lennare*, 2015 WL 1540631 at *6. Although this holding appears at first blush to be directly on point, the underlying circumstances were so different that the cited language has no relevance to the instant dispute. In *Lennare*, the defendant was not seeking billing records, invoices, attorney-client fee agreements and Rule 26 disclosures showing the amount, description and calculation of *Brandt* fees. Instead, the *Lennare* defendant was seeking *testimony* about *reimbursement* payments made to plaintiff by third parties for incurring *Brandt* fees to obtain insurance contract damages for a decontamination project. *Lennare,* 2015 WL 1540631 at *1; *and see* Case No. 2:12cv2182-KJM-KJN, ECF Nos. 255-2, 255-6, 263, 425). Consequently, the cited language from *Lennare* is not persuasive in the context of the instant dispute.

3

1  Regarding the *Fidelity* case, Plaintiff argues that it stands for the
2  proposition that *Brandt* does not require immediate disclosure and that
3  Plaintiff can wait until some unspecified time before trial to produce the
4  requested information. (ECF No. 36-2 at 4). Plaintiff is correct that then-
5  Magistrate Judge Bencivengo only required production of the requested
6  information by the close of discovery. But, at the time of the Order in
7  *Fidelity*, only 15 days remained before the close of discovery. More
8  significantly, Judge Bencivengo found the Plaintiff had waived any privilege
9  by claiming *Brandt* fees, rejected Plaintiff's request to delay production, and
10 warned that Plaintiff should produce the documents before the discovery
11 period closed—just two weeks from the issuance of the order. *Fidelity*, 2011
12 U.S. Dist. LEXIS 48697 at *3. This Court does not interpret Judge
13 Bencivengo's order as permitting plaintiffs claiming *Brandt* fees to wait until
14 the close of discovery to produce their evidence, but instead reads the opinion
15 as suggesting that delayed production of *Brandt* fees evidence could lead to
16 sanctions.

17  It appears that all of the magistrate judges in this District who have
18 considered this issue have found that the plaintiff waived any applicable
19 privileges by claiming *Brandt* fees, and ordered production forthwith.
20 Plaintiff has not convinced this Court to take a different path. Consequently,
21 Plaintiff must produce the time sheets, billing invoices, and fee agreement(s).
22 Defendant concedes, however, that Plaintiff may redact information for time
23 entries as to which Plaintiff does not seek to recover as damages.

24  Similarly, Plaintiff's assertion of privilege does not shield it from
25 making Rule 26(a) disclosures concerning *Brandt* fees. Rule 26(a) requires a
26 party seeking damages to provide a copy or description of documents the
27 party may use to support its claims, provide a computation of damages, and

4

make documents supporting its claimed damages available for inspection and copying. FED. R. CIV. P. 26(a). By asserting a claim for *Brandt* fees, Plaintiff has waived any privileges that would prevent disclosure of the documents supporting the damages Plaintiff seeks. *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (finding district court did not abuse its discretion in concluding that party failed to timely make Rule 26(a) disclosures in support of *Brandt* fees demand, but reversing sanctions award for failure to consider whether failure was willful)). Plaintiff must comply with Rule 26(a) with respect to its claim for *Brandt* fees.

    The Court **GRANTS** Defendant's motion to compel discovery. Plaintiff is **ORDERED** to produce time sheets, billing invoices, and the relevant fee agreement(s). Plaintiff may redact billing entries or other parts of these documents that are irrelevant to Plaintiff's claim for damages, including billing entries for time that the Plaintiff does not seek to recover as contract damages. Plaintiff is **ORDERED** to not redact the billing entries for any time that Plaintiff wishes to recover as damages. Further, Plaintiff is **ORDERED** to make its Rule 26(a) *Brandt* fee disclosures forthwith.

    **IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge