UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>　　　　　　　　　Defendant. | Case No.: 15cv1401-BEN-MDD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO BAR SEPARATE VIDEOTAPING OF DEPOSING ATTORNEY AT DEPOSITIONS SET FOR AUGUST 28-31, 2017**<br><br>**[ECF NO. 56]** |

Before this Court is Plaintiff's Ex Parte Application to Bar Separate Videotaping of Deposing Attorney filed on August 21, 2017. (ECF No. 56). Considering that depositions pursuant to the challenged protocol are scheduled to begin Monday, August 28, 2017, the Court finds it appropriate that Plaintiff moved ex parte. Defendant was ordered to and did respond in opposition on August 24, 2017. (ECF No. 59). As provided below, Plaintiff's Motion is **GRANTED**. Defendant is precluded from using a second camera to videotape the deposing counsel.

## DISCUSSION

Fed. R. Civ. P. 30 governs depositions by oral examination. Regarding methods of recording a deposition, the Rule provides that the party who notices the deposition must state "the method for recording **the testimony**." Rule 30(b)(3)(A)(emphasis added). The Rule also provides that with prior notice to the deponent and other parties, "any party may designate another method for recording **the testimony** in addition to that specified in the original notice." Rule 30(b)(3)(B)(emphasis added). The Rule addresses only the recording of "testimony." It does not address the recording of questioning other than in the context of obtaining testimony. It says nothing at all regarding separately focusing a camera to record the questioning attorney.

Case law, as the parties note, is sparse. Most of the case law addressing a second camera focused on the deposing attorney arise in the context of multi-district litigation and even in that context, "the use of multiple cameras during depositions in an MDL case is therefore, at best, disputed." *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* 2016 U.S. Dist. LEXIS 8233 *7-8, MDL No. 2592 Section L (E.D. La. January 25, 2016)(collecting cases). The *Xarelto* Court allowed for the use of one additional camera in the discovery phase of an MDL action:

> because it is not the place of an MDL court to dictate the method or propriety for the use of depositions at trial by the various state and federal courts if and when the cases are returned by the transferee court.

*Id.* at *8-9.

In the non-MDL context, the Court found a single case authorizing a second camera trained on the deposing counsel; the use of the second camera was imposed as a sanction for the attorney's misconduct during an earlier

2

deposition. *Zottola v. Anesthesia Consultants of Savannah, PC,* 2012 WL 6824150 *7, No. CV 411-154 (S.D. Ga. June 7, 2012). Defendant cites to a case in this Court, *Insurance Co. of the State of Pennsylvania, et al., v. City of San Diego,* Case No. 02-cv-0693-BEN-CAB (S.D. Cal.). Defendant did not supply a copy of the relevant order and did not cite to a particular docket entry. That case has 530 docket entries and the Order relied upon by Defendant is not obvious.

What is clear is that it is within the discretion of the Court to allow or disallow the second camera in this case. The Court finds that the use of a second camera focused upon the deposing attorney is not necessary or appropriate in this case. The Court finds that it is more likely that the second camera is intended to intimidate the deposing attorney rather than to better preserve the deposition for ultimate use at trial. *See In re Xarelto,* 2016 U.S. Dist. LEXIS 8233 *7.

**IT IS SO ORDERED.**

Dated: August 25, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge