UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>　　　　　　　　　　Defendant. | Case No.: 15cv1401-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION SET TWO**<br><br>**[ECF NO. 52]** |

Before this Court is the parties' Joint Motion for Determination of Discovery Dispute filed on August 9, 2017. (ECF No. 52). The Joint Motion presents Defendant's challenges to Plaintiff's responses to at least 100 requests for production ("RFPs"). In this case, Plaintiff seeks declaratory relief and damages for bad faith against Defendant. (ECF No. 14). In essence, the case presents a dispute in which Plaintiff challenges Defendant's determination that two insurance policies are exhausted and that an umbrella policy does not cover certain continuing obligations from a total of four exhausted policies. The manner in which Defendant determined to allocate payments such that two of the policies are exhausted is in issue as

1

well as the extent to which the umbrella policy steps into the shoes of the underlying policies. It is against this backdrop that the discovery dispute must be decided.

## **LEGAL STANDARD**

Rule 26(b)(1), Fed. R. Civ. P., provides that parties may obtain discovery of "any nonprivileged matter that is relevant **to any party's claim or defense and proportional to the needs of the case** . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). The Rule also provides that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Counsel for Defendant, the venerable Lewis Brisbois Bisgaard & Smith, LLP appears unaware that the Federal of Rules of Civil Procedure, including Rule 26(b)(1), were amended effective December 1, 2015. With more than 1100 lawyers in 41 offices in the United States, the firm should have received news of the amendments by now. But, at the bottom of page 2 in Defendant's Introductory Statement of the Joint Motion, and carrying over to page 3 Defendant misstates the Rule by referring to an earlier version stating:

> Under the FRCP, the parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." FRCP 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

(ECF No. 52 at 2-3).

Defendant also relies upon *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978), in which the Supreme Court determined that discovery could be obtained of information "bear[ing] on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."

2

15cv1401-BEN-MDD

In light of the fact that Rule 26(b)(1) now limits discovery to information relevant to "claims and defenses and proportional to the needs of the case," the *Oppenheimer Fund* definition, like the version of Rule 26(b)(1) that preceded the 2015 amendments, is now relegated to historical significance only. Ironically, Defendant chastises Plaintiff for "completely disregard[ing] this basic discovery policy." (*Id.* at 3). The instant discovery requests having been served in July 2017, the Court will apply the current version of the Federal Rules to this dispute.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

//

//

# DISCUSSION

## A. Requests for Production

For purposes of deciding this dispute, the Court finds that grouping related RFPs is appropriate.

1. RFPs 23-29

These RFPs request the production from Plaintiff of all documents identifying any claim (RFP 23), suit (RFP 24), register of claims or suits brought (RFP 25), settlement agreements for claims (RFP 26), settlement agreements for suits (RFP 27), settlement payments for claims (RFP 28) and settlement payments for suits (RFP 29) alleging bodily injury or property damage made against [Plaintiff] at any time during the period from May 1, 1982 to the present which alleged one or more occurrences during the time from May 1, 1982 to May 1, 1986.

To each RFP, Plaintiff objected for relevance. Plaintiff also proffers the unfortunately usual litany of boilerplate objections which the Court dutifully will ignore. The Court finds that the disputed RFPs call only for the production of irrelevant documents as Defendant has not demonstrated any relation to any claim or defense. This may be a consequence of Defendant's misplaced reliance on the prior version of Rule 26(b)(1). Information bearing on whether or not Defendant properly allocated payments it made under the subject insurance policies to defense (not subject to exhaustion) or indemnity (subject to exhaustion) is the relevant inquiry in this case.

For example, regarding RFP No 25, it is difficult to conceive of how documents "identifying each claim alleging bodily injury or property damage made against [Plaintiff] at any time during the period from May 1, 1982 to the present which alleged one or more occurrences during the time from May 1, 1982 to May 1, 1986" has any bearing on whether payments made by

Defendant to Plaintiff under the relevant insurance policies were allocated properly by Defendant to defense or indemnity. Defendant offers little to support its assertion that the requested discovery is relevant, saying that "identification of claims, suits and the settlements thereof pertain to the issue of exhaustion of the primary policies . . ." (ECF No. 52 at 7) and that the requested documents are relevant to "[a] related dispute is over undisclosed activities of and payments by the Port's other insurers on risk from 1969-1986 . . . ." (*See* ECF No. 52-1 at 2). The "related dispute" is not identified and, in any event, Defendant does not explain how claims against Plaintiff, whether or not submitted to or paid by other insurers, has any bearing on how Defendant allocated payments on claims made to it.

The objections for relevance are **SUSTAINED.**

2. <u>RFPs 30-36, 38-52, 54-56, 58-68, 70-72, 74-81 and duplicate 80-81</u>

In summary, these RFPs request the production from Plaintiff of all communications between Plaintiff and parties to various actions and claims, communications between Plaintiff and vendors, contractors, consultants or experts in connection with those actions and claims, communications between Plaintiff and any insurers pertaining to those actions and claims, and any settlement agreements[1] in connection with those actions and claims.

Plaintiff has objected for relevance. Plaintiff also proffers the unfortunately usual litany of boilerplate objections which the Court dutifully will ignore. Defendant presents a complex argument for relevance. (*See* ECF No. 52 at 17-18). Defendant asserts that whether claimed expenditures

---

[1] Plaintiff has produced certain settlement agreements in response to particular RFPs. It need not produce any more unless submitted to and paid by Defendant pursuant to the policies that Defendant now claims are exhausted.

5

relating to environmental clean-up orders qualify as defense or indemnity costs is determined by their function. (*Id.* at 18). The extent of Plaintiff's activity at the various sites, whether the activity relates to investigation (defense) or remediation (indemnity) are relevant to exhaustion of policy limits. (*Id.*). Plaintiff's refusal to produce the requested documents, Defendant claims, may prevent Defendant from determining whether policies are exhausted or are actually in response to a Clean Up and Abatement Order. (*Id.*). Defendant also asserts that Plaintiff may have mischaracterized invoices and withheld invoices from other insurers and vendors to prevent Defendant from eroding policy limits. (*Id.*).

This is not a declaratory action in which an insured or insurer is seeking a determination of coverage. The only question with regard to the policies in which exhaustion is in dispute is whether Defendant properly allocated costs on invoices it paid to or on behalf of Plaintiff. Defendant has not convinced the Court that there is any relevance to any of Plaintiff's communications with other carriers, vendors, parties in other lawsuits or settlement agreements, unless Defendant paid out funds and allocated those funds against the challenged policies.

This is not to say that the parties cannot litigate the question of whether particular costs properly are defense or indemnity. *See, e.g., Aerojet-General Corp., v. Transport Indemnity Co., et al.,* 17 Cal. 4th 38 (1997). The documents requested by Defendant, however, bear no relation to that query. The objections for relevance are **SUSTAINED.**

3. <u>RFPs 82-100</u>

These RFPs request the production of all documents and files pertaining to various liability insurance policies issued by other carriers. Despite objecting for relevance, Plaintiff has agreed to produce copies of the

6

1 requested policies. Accordingly, its objection to production of the policies is
2 waived.
3       To the extent that Plaintiff agreed to produce documents, it said only
4 that it will produce them at a "mutually agreeable time and place." *See, e.g.,*
5 *The Port's Response to Request No. 84* (ECF No. 52 at 69). That response
6 does not comply with the requirements of Rule 34. Rule 34(b)(2)(B) requires
7 that "production must then be completed no later than the time for inspection
8 specified in the request or another reasonable time **specified in the**
9 **response**." *Id.* (emphasis added). Plaintiff was required to identify a
10 reasonable time within which it would produce the policies without regard to
11 any "mutual agreement." Moreover, Plaintiff was required to state whether
12 it was withholding any responsive materials based upon the objection. Rule
13 34(b)(2)(C). Without absolving Plaintiff for ignoring the requirements of Rule
14 34, to the extent that these RFPs call for more than copies of the policies, the
15 Court **SUSTAINS** the objection as to relevance for the reasons outlined
16 above at section 2.

    4. <u>RFPs 102-107</u>

These RFPs call for the production of all correspondence between Plaintiff and other identified insurers regarding any claim or suit against Plaintiff. Plaintiff's objection for relevance is **SUSTAINED**, as provided above at section 2.

    5. <u>RFPs 108-114</u>

These RFPs call for the production of all settlement agreements between Plaintiff and various other identified insurers regarding any claim or suit filed against Plaintiff. Plaintiff's objection for relevance is **SUSTAINED**, as provided above at section 2.

7

### 6. RFPs 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, and 149

These RFPs call for the production all communications between Plaintiff and three oversight agencies regarding any alleged clean-up at various sites. In response to these RFPs, Plaintiff asserts some meaningless, improper objections. For example, it is not a proper objection that the requested documents "are equally available to and in the possession of Defendant." (ECF No. 97). For one thing, those are two different concepts. For another, even if Defendant obtained these documents from third parties, it has the right to obtain them from Plaintiff, unless Plaintiff can convince the Court that it is in need of a protective order. Moreover, Plaintiff was required to state whether it was withholding any responsive materials based upon the objection. Rule 34(b)(2)(C). In that same vein, Plaintiff's assertion of privilege and work-product protection is worthless without complying with Rule 26(b)(5)(A), which requires a description of the documents not produced.

Plaintiff appears to suggest that its real objection is overbreadth. Plaintiff states: "At a minimum, requests would have to be limited to the period in time during which Defendant has been participating in Plaintiff's defense." (ECF No. 52 at 99-100). Accordingly, Plaintiff is conceding that these RFPs, despite their overbreadth, do call for the production of certain relevant documents. Plaintiff had the obligation to produce the documents to which it had no objection. Rule 34(b)(2)(C).

Among its scattergun objections and responses, Plaintiff also asserts that compliance, even to the extent of producing relevant documents, is overly burdensome because it does not maintain files of communications with the oversight agencies except in other files. Plaintiff has provided no evidence, however, of the cost and time that it would take to produce relevant

8

documents. The Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections. The Court **ORDERS** Plaintiff to produce communications with the identified oversight agencies for the identified sites regarding clean-up activities during the period that Defendant participated in Plaintiff's defense. Plaintiff is given leave, however, to seek a properly supported protective order based upon the burden of production and proportionality under Rule 26(c), within 14 days of the date of this ORDER.

7. RFPs 151-152

These RFPs are "contention" RFPs requiring Plaintiff to produce documents supporting its contention that certain policies are not exhausted. Despite a litany of boilerplate objections, which the Court dutifully will ignore, Plaintiff responded by identifying specific documents, produced in this litigation, by Bates number. As to those documents, Plaintiff's response is sufficient. Plaintiff also identified another document, the Declaration of Annemarie Malekos, produced in other litigation, which it agreed to produce at a mutually agreeable time and place. That portion of the response is inadequate. Plaintiff is required to produce the document without any mutual agreement. Having interposed objections, Plaintiff is required to state whether it is withholding any relevant documents based upon its objections. The Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections. The Court ORDERS Plaintiff to produce the Malekos declaration to identify whether it is withholding any other relevant documents based upon its objections.

8. RFP 153

This RFP calls for the production of all communications with Tetra Tech, Inc. and Plaintiff regarding the Rohr/Goodrich site and the Rohr action. Plaintiff first asserts the usual improper boilerplate objections but later

9

explains that Tetra Tech, Inc., is a litigation consultant and its communications are subject to attorney-client privilege or work-product protections. Defendant makes no specific argument for relevance, relying on the argument it made in connection with RFP 115, et. seq., discussed at section 2 above.

The Court **SUSTAINS** the objection without prejudice. Defendant may seek reconsideration if it can make a stronger argument for relevance. Plaintiff may then have to assert privilege/protection as required under Rule Rule 26(b)(5)(A).

9. RFPs 154-155

These RFPs request the production of documents relied upon to prepare or identified in Plaintiff's responses to Interrogatories or Requests for Admission. Plaintiff has agreed to produce such documents but, again, at a mutually agreeable time and place. The documents must be produced regardless of any mutual agreement. Plaintiff's objection is **OVERRULED.**

B. Sanctions

Neither party has requested sanctions. Nonetheless, Rule 37(a)(5), Fed. R. Civ. P., requires the Court to consider sanctions whenever it grants a motion for a protective order or denies a motion to compel. As the instant motion was presented jointly, as required by this Court's chambers rules, it presented both Plaintiff's motion for a protective order and Defendant's motion to compel. The Court mostly granted Plaintiff's motion and mostly denied Defendant's motion. The Court also is concerned that counsel for Defendant either did not know that the relevant Federal Rules had been amended over 1.5 years ago or signed the pleading in this case without reading it. Absent the request to impose sanctions, however, the Court will decline do so.

10

15cv1401-BEN-MDD

In addition, considering the Court's finding that the overwhelming majority of the RFPs called for the production of irrelevant documents, the Court also must consider sanctions under Rule 26(g), Fed. R. Civ. P. Rule 26(g)(1) provides that every discovery request be signed by at least one attorney of record. In signing, the attorney certifies that to the best of the attorney's knowledge, the request is:

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and, (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Rule 26(g)(1)(B)(ii)-(iii). Rule 26(g)(3) requires the Court, on motion or on its own, to impose an appropriate sanction on the signer, the party or both, unless the Court finds substantial justification. It is a much closer question whether the Court should sanction Defendant and/or its counsel for signing the Requests for Production at issue. The Court somewhat reluctantly will decline to do so on its own motion.

## **CONCLUSION AND ORDER**

To the extent that the Court has ordered the production of documents, Plaintiff is **ORDERED** to produce responsive documents within 21 days of this Order. To the extent that the Court has given leave to seek reconsideration or a further protective order, such motions should be filed within 14 days of this Order. **IT IS SO ORDERED.**

Dated: September 5, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge