UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>Defendant. | Case No.: 15cv1401-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR ADMISSIONS SET THREE**<br><br>**[ECF NO. 53]** |

Before this Court is the parties' Joint Motion for Determination of Discovery Dispute filed on August 9, 2017. (ECF No. 53). The Joint Motion presents Defendant's challenges to Plaintiff's responses to six requests for admission ("RFAs"). In this case, Plaintiff seeks declaratory relief and damages for bad faith against Defendant. (ECF No. 14). In essence, the case presents a dispute in which Plaintiff challenges Defendant's determination that two insurance policies are exhausted and that an umbrella policy does not cover certain continuing obligations from a total of four exhausted policies. The manner in which Defendant determined to allocate payments such that two of the policies are exhausted is in issue as well as the extent to

1

which the umbrella policy steps into the shoes of the underlying policies. It is against this backdrop that the discovery dispute must be decided.

## LEGAL STANDARD

Rule 26(b)(1), Fed. R. Civ. P., provides that parties may obtain discovery of "any nonprivileged matter that is relevant **to any party's claim or defense and proportional to the needs of the case** . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). The Rule also provides that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Counsel for Defendant, the venerable Lewis Brisbois Bisgaard & Smith, LLP appears unaware that the Federal of Rules of Civil Procedure, including Rule 26(b)(1), were amended effective December 1, 2015. With more than 1100 lawyers in 41 offices in the United States, the firm should have received news of the amendments by now. But, at page 3 of Defendant's Memorandum of Points and Authorities filed in support of this Motion, Defendant misstates the Rule by referring to an earlier version stating:

> The parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." FRCP 26(b)(1). The scope of discovery under the FRCP is extremely broad.

(ECF No. 53-1 at 3).

Defendant also relies upon *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978), in which the Supreme Court determined that discovery could be obtained of information "bear[ing] on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." In light of the fact that Rule 26(b)(1) now limits discovery to information relevant to "claims and defenses and proportional to the needs of the case,"

2

the *Oppenheimer Fund* definition, like the version of Rule 26(b)(1) that preceded the 2015 amendments, is now relegated only to historical significance. The instant discovery requests having been served in July 2017, the Court will apply the current version of the Federal Rules to this dispute.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The rule allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either and genuineness of described documents. Rule 36(a)(1)(A),(B), Fed. R. Civ. P. The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6).

Requests for admission "may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." *U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (*citing Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992)). However, "[a] party may not avoid responding based on technicalities. For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." *Id*. (internal citations omitted) (*citing Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994), *citing Milgram Food Stores, Inc. v. United States*, 558 F.Supp. 629, 636 (W.D. Mo. 1983)). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the

3

request. *Id.* "It is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'" *Id.* at 685 (quoting *Marchand*, 22 F.3d at 938).

## DISCUSSION

1. <u>RFA 20</u> (ECF 53 at 3)

Defendant requests that Plaintiff admit "that the policy limits of the primary layer insurance policies issued to [Plaintiff], effective for the policy periods January 3, 1963, to June 1, 1979, have not been exhausted."

Plaintiff objects on the basis that the requests are irrelevant, call for a legal conclusion, compound, overbroad, unduly burdensome, vague, ambiguous, and calls for privileged or work-product protected information. These boilerplate objections do nothing to assist the Court in deciding the dispute – if anything, these mostly meaningless and frivolous objections hurt Plaintiff's cause. Nonetheless, Plaintiff responded by admitting "that some of the primary policies are not exhausted." (ECF No. 53 at 4). Defendant challenges this response as inadequate and requests that the Court deem admitted all portions of the request not specifically addressed.

The problem is that both the request and response are improper. First, it is unclear which policies Defendant is referencing. If addressing policies issued by other carriers, the request is impermissibly overbroad in calling for admissions regarding irrelevant policies. If addressing only policies issued by Defendant, the request is impermissibly compound.

Plaintiff's response also is insufficient. By going so far as to admit that "some" of the policies have not been exhausted, Plaintiff was required to provide a full response identifying the policies to which Plaintiff was

4

referring. Moreover, the response should have been more forthcoming, rather than just stating boilerplate objections, by specifically denying the balance of the request or qualifying Plaintiff's admission or denial.

The Court will resolve this dispute by allowing Defendant, if it so chooses, to serve new requests for production identifying the policies to which it is referring, limited to policies issued by Defendant. Plaintiff must then admit or deny or qualify admissions and denials in compliance with Rule 36(a)(4), Fed. R. Civ. P.

2. <u>RFA 21</u> (ECF No. 53 at 6)

Defendant requests that Plaintiff admit "that the policy limits of the primary layer liability insurance policies issued to [Plaintiff], effective for the policy periods June 1, 1979, to May 1, 1986, have been exhausted by the payment of losses." Again, after the seemingly standard and improper recital of boilerplate objections, Plaintiff responded by denying that "all of the primary policies issued to [Plaintiff] for the periods June 1, 1979, to May 1, 1986, have been exhausted." Defendant challenges the sufficiency of this response.

Once again, there are problems both with the request and the response. As discussed above regarding RFA 20, the request is impermissibly overbroad, addresses seemingly irrelevant policies issued by other carriers and compound. Plaintiff's response answers a question not asked – the request did not address "all" policies but appeared to address each policy.

The Court will resolve this dispute as it did RFA 20: Defendant may serve new requests for production identifying the policies to which it is referring, limited to policies issued by Defendant. Plaintiff must then admit or deny or qualify admissions and denials in compliance with Rule 36(a)(4), Fed. R. Civ. P.

5

1            3. <u>RFA 22</u> (ECF No. 53 at 7)

2            Defendant requests that Plaintiff admit "that the excess layer liability
3    policies issued to [Plaintiff], effective for the policy periods August 1, 1975, to
4    May 1, 1982, have not paid any amounts of money for the defense or
5    indemnity of [Plaintiff] in any claim or suit." Following the improper
6    assertion of boilerplate responses, Plaintiff responded stating: "Based on
7    current information and belief, [Plaintiff] has not received payments made
8    pursuant to any excess liability insurance policy for the policy periods August
9    1, 1975 to May 1, 1982." Defendant challenges the sufficiency of this
10   response suggesting that Plaintiff did not clearly admit or deny any portion of
11   the request pointing to the fact that Plaintiff did not specifically state that it
12   did not receive payments "for defense or indemnity."
13           Defendant's challenge is overly technical. The clear reading of the
14   response constitutes an admission. RFA 22 is deemed admitted.
15           4. <u>RFA 23</u> (ECF No. 53 at 10)
16           Defendant requests that Plaintiff admit "that the California Regional
17   Water Quality Control Board has the authority under the law to issue
18   Cleanup and Abatement Orders in order to impose liability against persons
19   that it determines to be responsible for the discharge of pollutants."
20   Following the boilerplate objections, Plaintiff admits "that the California
21   Regional Water Quality Control Board has the authority to issue Cleanup
22   and Abatement Orders." Defendant challenges this sufficiency of this
23   response. In response to the challenge, Plaintiff asserts that it admitted
24   what it can regarding the Regional Board's authority but the balance of the
25   request calls for a legal opinion beyond the scope of a request for admission.
26   (ECF No. 53 at 12-13).
27           The Court agrees that it is beyond the scope of a request for admission

to compel a party to interpret the extent of the legal authority of a state board as it poses a legal question. *See Playboy Enterprises, Inc. v. Wells,* 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999). That said, Plaintiff did not comply with the requirements of Rule 36. In its initial response, Plaintiff should have admitted what it did admit and deny the balance based upon its objections. Admitting part of a request without explanation contravenes Rule 36(a)(4).

Having explained its response in its pleadings before the Court, the Court will not require an amended response.

5. <u>RFA 24</u> (ECF No. 53 at 13)

RFA 24 is identical to RFA 23 except that it pertains to Investigative Orders issued by the Regional Board. The responses, objections and reasoning presented are identical to RFA 23. The Court's ruling as to RFA 23 stands here: No further response from Plaintiff is required.

6. <u>RFA 25</u> (ECF No. 53 at 25)

Defendant requests that Plaintiff admit "that the sums paid by or on behalf of [Plaintiff] to respond to Cleanup and Abatement Order No. R9-2014-0019, issued by the California Regional Water Quality Control Board, San Diego Region, were incurred by reason of the authority of the California Regional Water Quality Control Board to impose under the law liability on [Plaintiff] should [Plaintiff] fail to comply with [the order]." Although objecting, Plaintiff denied the request adding that Plaintiff is not named on the identified Order.

Defendant asserts that the response is deficient because Plaintiff is identified in the identified Order and asks the Court to deem the matter admitted or compel a further response. In a motion to compel, the issue is whether the response to the request for production is legally sufficient, not

7

whether it is accurate. The consequences for a failure to admit are found at Rule 37(c)(2) which provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.

If Defendant proves that its request is true, the trial court may be moved to impose sanctions. Plaintiff is correct, however, that its response, a denial, is legally sufficient in that it complies with the requirements of Rule 36.

## Sanctions

Neither party has requested sanctions. Nonetheless, Rule 37(a)(5), Fed. R. Civ. P., requires the Court to consider sanctions whenever it grants a motion for a protective order or denies a motion to compel. As the instant motion was presented jointly, as required by this Court's chambers rules, it presented both Plaintiff's motion for a protective order and Defendant's motion to compel. The Court also is concerned that counsel for Defendant either did not know that the relevant Federal Rules had been amended over 1.5 years ago or signed the pleading in this case without reading it. Absent the request to impose sanctions, however, the Court will decline do so. In any event, it would be unjust to sanction one party and not the other as neither are above reproach. *See* Rule 37(a)(5)(A)(iii), Fed. R. Civ. P.

## **CONCLUSION**

1. Regarding RFA 20 and 21, Defendant may serve new requests for production identifying the policies to which it is referring, limited to policies issued by Defendant. Plaintiff must then admit or deny or qualify admissions and denials in compliance with Rule 36(a)(4), Fed. R. Civ. P.

8

2. RFA 22 is deemed admitted.

3. No further response is required to RFAs 23, 24 and 25.

**IT IS SO ORDERED.**

Dated: September 5, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge