1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>Defendant. | Case No.: 15cv1401-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING INTERROGATORIES SET TWO**<br><br>**[ECF NO. 54]** |

Before this Court is the parties' Joint Motion for Determination of Discovery Dispute filed on August 9, 2017. (ECF No. 54). The Joint Motion presents Defendant's challenges to Plaintiff's responses to six interrogatories. In this case, Plaintiff seeks declaratory relief and damages for bad faith against Defendant. (ECF No. 14). In essence, the case presents a dispute in which Plaintiff challenges Defendant's determination that two insurance policies are exhausted and that an umbrella policy does not cover certain continuing obligations from a total of four exhausted policies. The manner in which Defendant determined to allocate payments such that two of the policies are exhausted is in issue as well as the extent to which the umbrella

1

policy steps into the shoes of the underlying policies. It is against this backdrop that the discovery dispute must be decided.

## **LEGAL STANDARD**

Rule 26(b)(1), Fed. R. Civ. P., provides that parties may obtain discovery of "any nonprivileged matter that is relevant **to any party's claim or defense and proportional to the needs of the case** . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). The Rule also provides that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Counsel for Defendant, the venerable Lewis Brisbois Bisgaard & Smith, LLP appears unaware that the Federal of Rules of Civil Procedure, especially Rule 26(b)(1), were amended effective December 1, 2015. With more than 1100 lawyers in 41 offices in the United States, the firm should have received news of the amendments by now. But, twice in the instant Motion, Defendant misstates the Rule by referring to an earlier version. First, at page 2 of its Introductory Statement, Defendant states:

> Furthermore, the right to discovery is very broad, and encompasses any information or documents that are "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

(ECF No. 54 at 2). Defendant repeats the error at pages 5-6 in presenting its view that Plaintiff's response to Interrogatory 20 is insufficient, stating:

> Under the FRCP, the parties may obtain discovery regarding any matter that is (1) 'not privileged' and (2) 'relevant to the subject matter involved in the pending action.' FRCP 26(b)(1). . . . Furthermore, '[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' *Id.*

(ECF No. 54 at 5-6).

2

Defendant also relies upon *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978), in which the Supreme Court determined that discovery could be obtained of information "bear[ing] on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." In light of the 2015 amendments to Rule 26(b)(1), the *Oppenheimer Fund* definition, like the version of Rule 26(b)(1) that preceded the amendments, is now relegated only to historical significance. The instant discovery requests having been served in July 2017, the Court will apply the current version of the Federal Rules to this dispute.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id.* The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

## DISCUSSION

1. <u>Interrogatory No. 20</u> (ECF 54 at 3-4)

This is a "contention" interrogatory. Defendant asks Plaintiff to "[s]tate all facts that you contend support, evidence, or establish your contention that the policy limits of [3 identified insurance policies] have not been exhausted."

Plaintiff objects to the extent that that the request call for a legal conclusion, call for the disclosure of attorney-client or work-product protected information, is vague and ambiguous as the word "exhausted," is compound, overbroad and unduly burdensome. (ECF No. 54 at 4). These objections are

3

boilerplate and frivolous.  It is not generally grounds for an objection that an interrogatory calls for a legal conclusion.  *See Thomas v. Cates,* 715 F.Supp.2d 1012, 1029-30 (E.D. Cal. 2010)(collecting cases).  Only an interrogatory that calls for a legal conclusion that extends to legal issues unrelated to the facts of the case is objectionable on that basis.  *Id.* at 1030 (*citing Holland v. GMAC Mortgage,* 2005 WL 1285678 *3, Civ.A.03–2666–CM–DJW (D. Kan. 5/27/2005).  The remaining boilerplate objections are **OVERRULED** as such.

Despite the objections, Plaintiff responded to the interrogatory as follows:

> The facts that support the Port's contention are the representations made by [Defendant] to date, including the Declaration of Annemarie Malekos [made in an identified state case between the parties], correspondence from [Defendant's] outside counsel, Jay Christofferson, dated June 11, 2010, and correspondence from Wanda S. Campbell, dated January 30, 2015, under which [Defendant] itself acknowledged that [two of the policies] were not exhausted.

(ECF No. 54 at 4).  Defendant challenges the response as inadequate.  Defendant is correct.  To answer the interrogatory properly, Plaintiff must identify facts.  To point to unspecified "representations made by [Defendant]" is insufficient.  The representations must be identified.  To the extent that Plaintiff intended to avail itself of the option to provide business records under Rule 33(d), it is not done so sufficiently.  Rule 33(d) provides that:

> If the answer to an interrogatory may be determined by examining ... or summarizing a party's business records ..., and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by ... specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

4

1  Rule 33(d)(1), Fed. R. Civ. P.  Plaintiff's objections are **OVERRULED**.

2.  Interrogatory No. 21 (ECF No. 54 at 9)

Defendant asks Plaintiff to "identify and describe in detail each claim or suit brought against [Plaintiff] for bodily injury or property damage during the period from May 1, 1982 to the present which alleged one or more occurrences during the time from May 1, 1982 to May 1, 1986." Plaintiff objects for relevance.  The objection is **SUSTAINED**.  The Court addressed the relevance of this line of inquiry in connection with related Requests for Production of documents and found it irrelevant. (ECF No. 65 at 4-6).

Information bearing on whether or not Defendant properly allocated payments it made under the subject insurance policies to defense (not subject to exhaustion) or indemnity (subject to exhaustion) is the relevant inquiry in this case.  Defendant does not explain how claims and suits against Plaintiff, whether or not submitted to or paid by other insurers, has any bearing on how Defendant allocated payments on claims made to it.

3.  Interrogatory No. 22 (ECF No. 54 at 12)

In this interrogatory, Defendant asks Plaintiff to describe each settlement reached in suits or claims identified in response to Interrogatory No. 21.  As the Court has ruled that Plaintiff need not respond to Interrogatory No. 21, no response is required to this request.  Plaintiff's objection as to relevance is **SUSTAINED**.

4.  Interrogatory No. 23 (ECF No. 54 at 13-14)

This interrogatory requests Plaintiff to "identify and describe in detail each claim or suit brought against [Plaintiff] for bodily injury or property damage during the period from May 1, 1982 to the present that that [Plaintiff] reported to [Defendant]."  Plaintiff objects on the grounds that the information is equally available, burdensome, oppressive and harassing, calls

5

15cv1401-BEN-MDD

for a legal conclusion, privileged, vague and ambiguous, and in Defendant's possession. (ECF No. 54 at 14). Plaintiff claims that it has produced this information in its initial disclosures. (ECF No. 54 at 16). If Plaintiff has produced this information earlier, in its own disclosures, it is difficult to understand the basis for the litany of objections. As discussed above, if Plaintiff wants to assert that the answer can be obtained from documents already produced, it may do so pursuant to Rule 33(d). There may be a valid basis for a relevance objection regarding claims and suits reported to Defendant during periods of time where the policies at issue in this suit were not in force. But having failed entirely to address the Interrogatory, the Court will **OVERRULE** Plaintiff's objections and require a proper answer.

5. <u>Interrogatory No. 24</u> (ECF No. 54 at 17)

In this Interrogatory, Defendant asks Plaintiff to describe each settlement reached in suits or claims identified in response to Interrogatory No. 23. As discussed in relation to Interrogatory No. 23, Plaintiff's objections are **OVERRULED**.

6. <u>Interrogatory No. 25</u> (ECF No. 54 at 18)

In this Interrogatory, Defendant asks Plaintiff to state all facts that Plaintiff contends support its response to any Request for Admission to which Plaintiff did not provide an unqualified admission. Plaintiff objects on the usual grounds and also provides a rather meaningless response. This Court finds the Interrogatory improper – to the extent that Plaintiff qualified an admission or denial, Plaintiff was required to state the basis for the qualification in its response. This Interrogatory, therefore, is redundant and potentially harassing. The objections are **SUSTAINED**.

<u>Sanctions</u>

Neither party has requested sanctions. Nonetheless, Rule 37(a)(5), Fed.

6

R. Civ. P., requires the Court to consider sanctions whenever it grants a motion for a protective order or denies a motion to compel. As the instant motion was presented jointly, as required by this Court's chambers rules, it presented both Plaintiff's motion for a protective order and Defendant's motion to compel. The Court also is concerned that counsel for Defendant either did not know that the relevant Federal Rules had been amended over 1.5 years ago or signed the pleading in this case without reading it. Absent request, the Court declines to impose sanctions. In addition, neither party is above reproach in connection with these interrogatories. *See* Rule 37(a)(5)(A)(iii), Fed. R. Civ. P.

## CONCLUSION

1. Plaintiff's objections to Interrogatory Nos. 20, 23 and 24 are **OVERRULED**. Plaintiff must provide adequate responses within 21 days of this Order.
2. Plaintiff's objections to Interrogatory Nos. 21, 22 and 25 are **SUSTAINED**.

**IT IS SO ORDERED.**

Dated: September 5, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

7

15cv1401-BEN-MDD